IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JERRY LEE WARNER #84411**                                                                 **PETITIONER**

**VERSUS**                                                  **CIVIL ACTION NO. 3:13cv200-TSL-JMR**

**RONALD KING**                                                                                     **RESPONDENT**

### REPORT AND RECOMMENDATION

This matter is before this court on the Petition for Writ of *Habeas Corpus* filed by Jerry Lee Warner [Warner], pursuant to 29 U.S.C. § 2254. A Motion to Dismiss [7] the petition was filed on behalf of Ronald King [King] on May 1, 2013. The Court, having been advised in the premises and having considered the entire record, finds that the Respondent's Motion to Dismiss should be granted and that Warner's Petition for Writ of *Habeas Corpus* should be denied.

### STATEMENT OF THE CASE

Warner was convicted of armed robbery in January 1994 in the Circuit Court of Holmes County, Mississippi, and was sentenced on April 7, 1994. [1, p. 1.] He was sentenced to serve a term of thirty (30) years in the custody of the Mississippi Department of Corrections [MDOC] as a habitual offender. [7-1.] The conviction and sentence were affirmed by the Mississippi Court of Appeals on March 26, 1996. *Warner v. State*, 678 So.2d 1030 (Miss. Ct. App. 1996). Warner did not file a petition for rehearing in the Mississippi Court of Appeals as provided for in Mississippi Rule of Appellate Procedure 40. The respondent argues that by failing to timely seek the first step of discretionary review, Warner stopped the appeal process and was unable to pursue direct review in the Mississippi Supreme Court or the United States Supreme Court. [7, p. 3.] As such, Warner's conviction became final when the time for seeking further direct review in the state court expired, or fourteen (14) days after his conviction was affirmed on direct appeal. (*Id.*)

According to Warner, he was deprived of his constitutional rights when the State allegedly failed to prove the elements of the habitual offender statute during his trial. [1, p. 5.] He claims that there was a failure to call a custodian of records to "confront" Warner about prior conviction and claims he received ineffective assistance of counsel. [1, p. 6.] Warner asserts that he was sentenced long before the signing of the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] and would suffer prejudice if those standards were applied to his case. [1, p. 13.] He contends that a "new sweeping legal rule" makes his petition timely because he contends that the use of "pen packs" at his trial violated his rights under the Confrontation Clause. [1, p. 13. ]

The Respondent contends that Warner's petition is untimely because it was filed sixteen (16) years following the April 24, 1997, deadline as outlined by the AEDPA. [7, p. 5.] The Respondent suggests that "pen packs" are not testimonial in nature and cannot serve as a factual predicate to support Warner's claims and create an exception to the statute of limitations period. [7, pp. 6, 8.]

Warner contends that the AEDPA should not apply in his case because to apply the standards of the AEDPA to his case would impose an additional punishment on him. [8, p. 2.] He claims he is disadvantaged because he did not have a copy of the trial transcript available when he filed his petition. [8, p. 3.] Warner appears to assert that the copies of his prior convictions were never presented at trial in violation of his right to due process. [8, p. 4.]

The Respondent asserts that Warner's petition was filed too late and he names no "rare and exceptional" circumstances to warrant equitable tolling of the one-year limitation period imposed by the AEDPA. [9, p. 1.] The Respondent maintains that the failure to file a full trial transcript in this case was not an error warranting *habeas* relief. [9, p. 3.] In addition, the Respondent contends that the United States Supreme Court cases cited by Warner do not impact the limitations period in his case. [3, p. 5.]

## ANALYSIS

According to the respondent, Warner's *habeas* petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA. A petitioner seeking federal *habeas* relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2).

All convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. Unless the petitioner filed an application as contemplated by 28 U.S.C. § 2244(d)(2) on or before April 24, 1997, or met one of the 28 U.S.C. § 2244(d) exceptions to further toll the period of limitations, his application would be barred. *Flanagan v. Johnson,* 154 F.3d 196, 198 (5th Cir. 1998). Congress provided that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). A "properly filed" petition would be one that was filed within any statute of limitations the state imposes. *See Villegas v. Johnson,* 184 F.3d 467, 469 (5th Cir. 1999). For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "conform with a state's applicable procedural filing requirements," such as timeliness and location of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); *Williams v. Cain,* 217 F.3d 303, 306–7 n.4 (5th Cir. 2000).

*Habeas* applicants whose convictions became final prior to April 24, 1996, are entitled to

3

a one-year grace period, or until April 24, 1997, to file for federal *habeas* relief. *See Grillete v. Warden,* 372 F.3d 765, 768 (5th Cir. 2004). According to the records filed in this case, no post-conviction relief [PCR] motions were filed by Warner between April 24, 1996, and April 24, 1997. Warner filed a motion for leave to proceed in trial court for PCR on November 9, 1995. [7-3.] This motion was dismissed by the Mississippi Court of Appeals on February 13, 1996, because the appeal was still pending. [7-4.] Warner was directed to file the motion following disposition of the appeal. (*Id.*) The conviction and sentence were affirmed by the Mississippi Court of Appeals on March 26, 1996. *Warner*, 678 So.2d at 1031. Nothing was filed by Warner until several years later.

The docket of the Mississippi Court of Appeals indicates that Warner filed a motion for extension of time and an application for leave to proceed in the trial court in March and April of 1999, respectively. [7-5, p. 1.] Warner filed a motion for time to file a motion for rehearing on denial of PCR on October 11, 1999, and the docket reveals that the motion was denied on August 23, 2002. (*Id.*)

Warner's motion for PCR was denied in 1999, and subsequent filings for similar relief were denied. [7-6, p. 1.] For example, Warner filed various motions for relief including a motion for leave to proceed in the trial court in 2011, 2012, and 2013. [7-5, p. 2.] These motions were also denied. [7-6, p. 1.] The motion for PCR filed in October 2011 was denied as successive and time barred. [7-6, p. 2.] On January 31, 2013, a third application for PCR was dismissed by the Mississippi Supreme Court. [7-7.] These entries evidence that Warner did not properly file an application which would toll the limitation period.

In this case, Warner filed his *habeas* petition on April 5, 2013, long after the one-year limitation period expired. [1.] Therefore, because Warner did not properly file a petition for PCR as contemplated by 28 U.S.C. § 2244(d)(2) between April 24, 1996, and April 24, 1997, to toll

the limitations period, Warner's *habeas* petition was filed too late. *See Grillette*, 372 F.3d at 769; *Flanagan*, 154 F.3d at 201. Warner fails to cite any rare or exceptional circumstances which would allow him to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The Court, therefore, finds that the petitioner's allegations are barred by the applicable statute of limitations and his cause of action should be dismissed with prejudice. Warner's petition is time-barred by § 2244(d).

In the unlikely event that Warner's petition is construed as timely filed, the Court will address the merits of his contentions. Warner claims that he should be granted *habeas* relief because of a new legal rule pronounced in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009). Current law suggests that the *Melendez–Diaz* holding has not been made retroactively applicable to cases on collateral review. *See Spencer v. Cain,* 2012 WL 6554086 *4 (E.D. La. 2012). Even if that case were to be applied retroactively, the Supreme Court and the Fifth Circuit recognize that hearsay statements and documents are admissible at sentencing proceedings. *See, e.g., Williams v. New York,* 337 U.S. 241, 246 (1949); *Williams v. Oklahoma,* 358 U.S. 576, 584 (1959): *United States v. Beydoun,* 469 F.3d 102, 108 (5th Cir. 2006). Accordingly, the Court concludes that Petitioner's Sixth Amendment right to confront witnesses was not violated and therefore Petitioner is not entitled to *habeas* relief on this issue.

Warner argues that he was deprived of his right to obtain a full transcript of the state proceedings in this case, which impeded his ability to file his *habeas* petition. [8, p. 3.] Lack of access to a trial transcript does not prevent a petitioner from filing any motion for post-

conviction relief, as there is no constitutional right to a trial transcript for use in collateral proceedings. *United States v. MacCollom*, 426 U.S. 317, 323-4 (1976). The Court finds no merit in any claim to *habeas* relief relating to filing a transcript of the state proceedings in this case.

Warner also claims he was denied effective assistance of counsel as a result of his claims about his sentence as a habitual offender. [1, p. 6.] He claims his attorney did not adequately perform her duties on his behalf during trial. [8, pp. 11-12.] Warner asserted that his attorneys were ineffective for failing to conduct an investigation into the alleged charges brought against Warner. [7-3, p. 6.] Warner's motion for leave to proceed in the trial court for post-conviction relief, filed on November 9, 1995, contends that the portion of the indictment charging him as a habitual offender was fatally defective. [8-3, p. 2.]

To establish ineffective assistance of counsel, the petitioner must show: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Pitts v. Anderson,* 122 F.3d 275 (5th Cir. 1997); *see Strickland v. Washington,* 466 U.S. 668, 687 (1984). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffective assistance claim. *Strickland*, 466 U.S. at 700. These claims were defaulted when Warner failed to timely file his motion for PCR advancing his claim of ineffective assistance of counsel. *See Sones v. Hargett*, 61 F.3d 410, 414-17 (5th Cir. 1995).

In addition, Warner failed to give the state one full opportunity to resolve any constitutional issues through the state's appellate review process when he did not seek a writ of *certiorari* following the culmination of his case in the Mississippi Court of Appeals. (*Id.*) Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). For the purposes of exhaustion in this case, appeal from a final decision of the Mississippi Court of Appeals by a writ of *certiorari* was an "available" remedy for Warner at that time. MISS. R. APP. P. 17(a).

To meet the requirement that he exhaust available state remedies, Warner would now have to return to state court to petition the Mississippi State Supreme Court for a writ of *certiorari*. That writ would be time-barred because his fourteen day time limit for seeking review has long passed. M.R.A.P. 17(b). Warner is also prohibited from filing a second or successive *habeas* petition under Miss. Code Ann. §§ 99–39–23(6) and 99–39–27(9).

A procedural default occurs when a *habeas* petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997) (quoting *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991)). Warner is not required to return to the state courts to determine if his claims are procedurally defaulted. *Sones*, 61 F.3d at 416 ("When it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review.") Because he failed to exercise the right, he has now forfeited it through procedural default. MISS. CODE ANN. §§ 99–39–23(6) and 99–39–27(9).

Warner may salvage his *habeas* petition from being dismissed with prejudice if he can demonstrate both *cause* for the default and actual *prejudice* resulting from it, or that a "fundamental miscarriage of justice" will occur if his claims are not considered by this court. *Coleman,* 501 U.S. at 750. A petitioner may show *cause* by demonstrating that there was something "external to the petitioner, something that cannot fairly be attributed to him" which prevented him from complying with the state procedural rules. *Coleman*, 501 U.S. at 753; *Hill v. Black,* 932 F.2d 369, 372–3 (5th Cir. 1991).

Warner does not point to anything which qualifies as the *cause* for his failing to petition timely for a writ of *certiorari*. [1, 8.] He makes no effort in his petition to argue that a

7

"fundamental miscarriage of justice" will occur if the procedural default is applied. He never asserts that he is innocent, he simply reviews his claims about his conviction and sentencing. [1, 8.] The "fundamental miscarriage of justice" exception is triggered only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . .." *Murray v. Carrier,* 477 U.S. 478, 496 (1986). It requires a petitioner to support such an allegation with *new,* reliable evidence that was not presented at trial. *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Warner has not presented any new evidence in his petition to provide a colorable showing of innocence; therefore, his petition does not satisfy any exception to overcome the procedural default, and this Court is barred from reviewing Warner's *habeas* petition. *Sones*, 61 F.3d at 416. The Court, therefore, recommends that the motion to dismiss [7] the petition be granted and that Warner's petition for writ of *habeas corpus* be denied.

## CONCLUSION

Based on the forgoing analysis, this Court recommends that the motion to dismiss [7] the petition be granted and that Warner's Petition [1] for Writ of *Habeas Corpus* be denied. In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than November 1, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by*

8

*statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

This the 18th day of October, 2013.

s/ John M. Roper, Sr.<br>CHIEF UNITED STATES MAGISTRATE JUDGE